UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

_____
                                    )
GENERAL LINEN SERVICE, INC.,        )
                                    )
        Plaintiff / Defendant-in-Counterclaim )
                                    )
v.                                  )     Docket No. 12-CV-111-SM
                                    )
GENERAL LINEN SERVICE CO., INC.,    )
                                    )
        Defendant / Plaintiff-in-Counterclaim )
_____    )

## ANSWER AND COUNTERCLAIM

        The Defendant General Linen Service co., Inc. ("GL Somersworth"), for its

Answer and Counterclaim, hereby responds to the allegations contained in the

Complaint of General Linen Service, Inc. ("GL Newburyport") with paragraph numbers

below corresponding to numbered paragraphs of the Complaint.

        **Parties**

        1.      GL Somersworth is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 1, and therefore denies the same.

        2.      Admitted.

        **Jurisdiction and Venue**

        3.      Paragraph 3 states legal conclusions to which no response is required.

Otherwise, denied.

4.     Paragraph 4 states legal conclusions to which no response is required. Otherwise, denied.

5.     Paragraph 5 states legal conclusions to which no response is required. Otherwise, denied.

6.     Paragraph 6 states legal conclusions to which no response is required. Otherwise, denied.

**Background Facts**

7.     Admitted.

8.     Denied that GL Newburyport's customer list comprises highly sensitive competitive information.  The third sentence of Paragraph 8 states legal conclusions to which no response is required.   GL Somersworth is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and therefore denies the same.

9.     GL Somersworth is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies the same.

10.    Admitted that GL Somersworth contracts with Alliant for customer and account billing and invoicing services.  GL Somersworth is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and therefore denies the same.

11.   GL Somersworth is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies the same.

12.   GL Somersworth is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies the same.

13.   GL Somersworth is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies the same.

14.   GL Somersworth is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies the same.

15.   GL Somersworth is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies the same.

16.   GL Somersworth is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies the same.

17.   GL Somersworth is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies the same.

18.   GL Somersworth is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies the same.

19.   GL Somersworth is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies the same.

20.   To the extent Paragraph 20 alleges "unlawful access to General Linen's computer accounts," Paragraph 20 states legal conclusions to which no response is

required.  GL Somersworth is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and therefore denies the same.

## Count One – Violation of 18 U.S.C. § 1030

21.   GL Somersworth incorporates by reference its responses to paragraphs 1 through 20 of the Complaint as if separately and fully set forth herein.

22.   Paragraph 22 states legal conclusions to which no response is required. Otherwise, denied.

23.   Paragraph 23 states legal conclusions to which no response is required. Otherwise, denied.

24.   Paragraph 24 states legal conclusions to which no response is required. Otherwise, denied.

25.   Paragraph 25 states legal conclusions to which no response is required. Otherwise, denied.

## Count Two – Violation of the Consumer Protection Act

26.   GL Somersworth incorporates by reference its responses to paragraphs 1 through 25 of the Complaint as if separately and fully set forth herein.

27.   Paragraph 27 states legal conclusions to which no response is required. Otherwise, denied.

28.   Paragraph 28 states legal conclusions to which no response is required. Otherwise, denied.

29.   Paragraph 29 states legal conclusions to which no response is required. Otherwise, denied.

30.   Paragraph 30 states legal conclusions to which no response is required. Otherwise, denied.

31.   Paragraph 31 states legal conclusions to which no response is required. Otherwise, denied.

**Count Three – Trade Secret Act (N.H.R.S.A. § 350-B *et. seq.*)**

32.   GL Somersworth incorporates by reference its responses to paragraphs 1 through 31 of the Complaint as if separately and fully set forth herein.

33.   Paragraph 33 states legal conclusions to which no response is required. Otherwise, denied.

34.   Paragraph 34 states legal conclusions to which no response is required. Otherwise, denied.

35.   Paragraph 35 states legal conclusions to which no response is required. Otherwise, denied.

36.   Paragraph 36 states legal conclusions to which no response is required. Otherwise, denied.

37.   Paragraph 37 states legal conclusions to which no response is required. Otherwise, denied.

38.   Paragraph 38 states legal conclusions to which no response is required. Otherwise, denied.

### Count Four – Intentional Interference with Contract

39.   GL Somersworth incorporates by reference its responses to paragraphs 1 through 38 of the Complaint as if separately and fully set forth herein.

40.   GL Somersworth is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies the same.

41.   Paragraph 41 states legal conclusions to which no response is required. Otherwise, denied.

42.   Paragraph 42 states legal conclusions to which no response is required. Otherwise, denied.

43.   Paragraph 43 states legal conclusions to which no response is required. Otherwise, denied.

### AFFIRMATIVE DEFENSES

Without assuming any burden of proof that GL Somersworth would not otherwise bear pursuant to applicable law and without limitation as to any and all other affirmative defenses that GL Somersworth may have and that it may assert in this action, GL Somersworth asserts the following affirmative or additional defenses.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state, in whole or in part, a claim upon which relief may

be granted.

**SECOND AFFIRMATIVE DEFENSE**

GL Newburyport's claims are barred by the doctrine of waiver.

**THIRD AFFIRMATIVE DEFENSE**

GL Newburyport's claims are estopped by its own conduct and it has no right of

recovery against GL-Somersworth.

**FOURTH AFFIRMATIVE DEFENSE**

GL Newburyport's claims are barred by its failure to come to Court with clean

hands.

**FIFTH AFFIRMATIVE DEFENSE**

GL Newburyport failed to mitigate its damages, if any.

**SIXTH AFFIRMATIVE DEFENSE**

GL Newburyport's claims are barred by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

GL Newburyport's claims are subject to setoff.

**EIGHTH AFFIRMATIVE DEFENSE**

GL Newburyport has suffered no monetary damage or loss as a result of any

wrongful conduct of GL Somersworth.

### NINTH AFFIRMATIVE DEFENSE

GL Somersworth has not breached any legal duty owed by it to
GL-Newburyport.

### TENTH AFFIRMATIVE DEFENSE

Count Two of GL Newburyport's claims must be dismissed because the relevant
acts or actions or unfair method of competition did not occur within the State of New
Hampshire pursuant to RSA 358-A:2.

### ELEVENTH AFFIRMATIVE DEFENSE

Count Three of GL Newburyport's claims must be dismissed because the New
Hampshire Trade Secret Act (RSA 350-B *et. seq.*) does not govern or apply to the
relevant information alleged in Count Three of the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

Count Three of GL Newburyport's claims must be dismissed because the
relevant alleged information does not comprise "trade secrets" as defined by RSA 350-
B:1, IV.

### THIRTEENTH AFFIRMATIVE DEFENSE

Count Three of GL Newburyport's claims must be dismissed because the
relevant alleged information was not the subject of efforts that were reasonable under
the circumstances to maintain its secrecy pursuant to RSA 350-B:1, IV(b).

## FOURTEENTH AFFIRMATIVE DEFENSE

GL Newburyport has failed to join necessary parties needed for just adjudication.

## <u>COUNTERCLAIMS</u>

## FACTUAL ALLEGATIONS

GL Somersworth alleges as follows:

1.      Plaintiff-in-counterclaim GL Somersworth is a defendant in this action.

2.      Defendant-in-counterclaim GL Newburyport is the plaintiff in this action.

3.      GL Somersworth is engaged in the business of providing linen and uniform rental services to the healthcare, restaurant and hospitality communities throughout New England.

4.      GL Somersworth has been providing its services under the name and trademark GENERAL LINEN SERVICE since at least as early as 1938.

5.      GL Newburyport claims to have rights in the name and trademark GENERAL LINEN SERVICE, INC. and GENERAL LINEN SERVICE.

6.      On October 27, 2005, GL Newburyport filed a federal trademark application with the U.S. Patent and Trademark Office ("PTO"), Serial No. 78741710, for the mark GENERAL LINEN SERVICE used in connection with "rental of table linens," and "rental of uniforms" (the "'710 Application").

7.      In the '710 Application, a copy of which is attached at Exhibit A, GL Newburyport claimed that, to the best of its knowledge and believe, no other person,

firm, corporation or association had the right to use mark GENERAL LINEN SERVICE

in U.S. commerce, and that it has been using the identical mark GENERAL LINEN

SERVICE in U.S. commerce, since January 1, 1933.

8.   In the '710 Application, GL Newburyport stated, under oath, that:

The undersigned, being hereby warned that willful false statements and the like so made
are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that
such willful false statements, and the like, may jeopardize the validity of the application
or any resulting registration, declares that he/she is properly authorized to execute this
application on behalf of the applicant; he/she believes the applicant to be the owner of the
trademark/service mark sought to be registered, or, if the application is being filed under
15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in
commerce; to the best of his/her knowledge and belief no other person, firm, corporation,
or association has the right to use the mark in commerce, either in the identical form
thereof or in such near resemblance thereto as to be likely, when used on or in connection
with the goods/services of such other person, to cause confusion, or to cause mistake, or
to deceive; and that all statements made of his/her own knowledge are true; and that all
statements made on information and belief are believed to be true.

9.   On May 3, 2006, the PTO issued an "Office Action" refusing to register the

mark GENERAL LINEN SERVICE because the mark was "merely descriptive" of GL

Newburyport's services described in the application.  A true and correct copy of the

Office Action is attached at Exhibit B.

10.   On October 2, 2006, GL Newburyport, through its counsel, submitted a

response to the Office Action (the "Response").  As part of that Response, GL

Newburyport submitted the sworn Affidavit of Diane Whitney Wallace, President of GL Newburyport (the "Wallace Affidavit").  Among other things, Ms. Wallace stated in that Affidavit, a copy of which is attached Exhibit C, that "…the term 'GENERAL' has become distinctive of the goods and/or services through [GL Newburyport's] substantially exclusive and continuous use in commerce for at least five years immediately before the date of this Affidavit."

11.   Ms. Whitney, in her Affidavit, also disclaimed exclusive rights in the words "LINEN SERVICE" apart from the mark as a whole -  GENERAL LINEN SERVICE on behalf of GL Newburyport.

12.   On February 27, 2007, the PTO granted registration for the mark GENERAL LINEN SERVICE, to GL Newburyport and issued Registration No. 3,210,663 (the "Federal Registration").

13.   On information and belief, at the time of the filing of the '710 Application in 2006, GL Newburyport had actual knowledge that it was not the substantially exclusive user of the mark GENERAL LINEN SERVICE in U.S. commerce.

14.   On information and belief, at the time of the filing of the '710 Application, GL Newburyport had actual knowledge that it had not used the identical mark GENERAL LINEN SERVICE in U.S. commerce since 1933.

15.    On information and belief, at the time of the filing of the '710 Application, GL Newburyport knew of the existence of GL Somersworth and its use of the name GENERAL LINEN SERVICE since at least as early as the 1930s in U.S. commerce.

16.    On information and belief, GL Newburyport did not advise the PTO of any other person, corporation or entity that was using the marks or names GENERAL, GENERAL LINEN, or GENERAL LINEN SERVICE in connection with linen or uniform rental services.

17.    On April 9, 2010, GL Newburyport, through its outside counsel, sent a cease and desist letter to GL Somersworth based upon its claim of exclusive rights in the name GENERAL LINEN SERVICE (the "2010 Letter").  The 2010 Letter asserted rights based upon GL Newburyport's Federal Registration, and demanded that GL Somersworth cease and desist from using the name and mark GENERAL LINEN SERVICE.

18.    In response to the 2010 Letter, GL Somersworth asserted its own long and continuous use of the name GENERAL LINEN SERVICE, as well as the dubiousness of GL Newburyport's claims of "exclusive use" of the phrase in U.S. commerce.

19.    On October 24, 2012, GL Newburyport filed with the PTO an Affidavit of Continued Use and Incontestability of the trademark GENERAL LINEN SERVICE.  A true and correct copy of said Affidavit is attached as Exhibit D.

20.   The Affidavit of Continued Use and Incontestability stated, under the pains and penalties of perjury, that the mark GENERAL LINEN SERVICE was in continuous use for five (5) consecutive years after the date of registration.

21.   The terms "general," "linen" and "service" are commonly used by the general public as generic terms to describe generalized services in the field of linen and uniform maintenance and rental.

22.   On information and belief, GL Newburyport operates 3 websites that promote GL Newburyport's services.  These are, www.glinen.com, www.generallinen-uniform.com and www.glsma.com (the "GL Newburyport Websites").

23.   On information and belief, the GL Newburyport Websites have been active since 2003 or 2004 and have contained advertising, promotion and related content specific to GL Newburyport and its services since that time.

24.   As of the filing date of this Answer and Counterclaims, GL Newburyport does not use the trademark GENERAL LINEN SERVICE on any of the GL Newburyport Websites.  In fact, GL Newburyport prominently displays the mark GENERAL UNIFORM & LINEN SERVICE (the "GENERAL UNIFORM Mark"), as shown below.



25.   Numerous images of GL Newburyport's Websites dating back to 2003 demonstrate that GL Newburyport has consistently used the GENERAL UNIFORM Mark and not the mark GENERAL LINEN SERVICE on its websites.  (See Exhibit E).

26.   GL Newburyport does not appear to promote or advertise its services exclusively under the trademark GENERAL LINEN SERVICE and, on information and belief, has not used that trademark for at least the last 10 years, as evidenced by the appearance of the images captured on GL Newburyport's Websites.

27.   On information and belief, there are numerous other laundry, uniform and/or linen services throughout the country doing business under the name General Linen or General Linen Service, or a similar name or mark.

28.    On information and belief, at all times relevant to these Counterclaims, including at the time of the filing of the '710 Application, the Response in support of the Application, the Wallace Affidavit, and at the time of filing the Affidavit of Continued Use and Incontestability, GL Newburyport had actual knowledge that it was not entitled to an exclusive right to the mark GENERAL LINEN SERVICE because it knew there were third parties using that mark in U.S. commerce and, accordingly, that GL

Newburyport was not the substantially exclusive user of that mark in connection with linen and uniform rental services.

29.   On information and belief, at all times relevant to these Counterclaims, including at the time of the filing of the '710 Application, the Response in support of said Application, the Wallace Affidavit, and the Affidavit of Continued Use and Incontestability, GL Newburyport had actual knowledge that the words and phrases "GENERAL" and "GENERAL LINEN SERVICE" were generic and/or descriptive and lacking in acquired distinctiveness.

30.   On information and belief, at all times relevant to these Counterclaims, including at the time of the filing of the '710 Application, the Response in support of said Application, the Wallace Affidavit, and the Affidavit of Continued Use and Incontestability, GL Newburyport had actual knowledge that it had not consistently used the exact mark GENERAL LINEN SERVICE, but actually used the GENERAL UNIFORM mark in its advertising and promotion, including on the GL Newburyport's Websites.

31.   On information and belief, at the time that GL Newburyport sent the 2010 Letter it had actual knowledge that it did not have exclusive rights in the mark or name "General Linen Services" because it knew it did not use that identical mark consistently in a manner sufficient to gather secondary meaning in those words.

32.   On information and belief, at the time that GL Newburyport sent the 2010 Letter it had actual knowledge that it did not have exclusive rights in the mark or name "General Linen Service" because it knew that there were other users of that mark and name in U.S. commerce.

33.   On information and belief, the GL Newburyport abandoned any rights it may have had in the marks GENERAL LINEN or GENERAL LINEN SERVICE when it stopped using those identical marks and started to use the indication "GENERAL UNIFORM & LINEN SERVICE."

34.   On information and belief, GL Newburyport cannot assert any exclusive rights in the words "GENERAL," "GENERAL LINEN"  or "GENERAL LINEN SERVICE" because GL Newburyport is not, and never has been the substantially exclusive user of those words and/or because those words are utterly generic or descriptive of GL Newburyport's services, and lack even a scintilla of secondary meaning.

**COUNT I**
**Trademark Cancellation Due to Fraud**

35.   The allegations of paragraphs 1 through 34 are incorporated herein by reference as if fully set forth herein.

36.   Upon information and belief, many other businesses throughout the United States have used the term or phrase "General Linen" or "General Linen Service" as a part of their trade names and trademarks since before GL Newburyport adopted and

used its mark and, as a result, GL Newburyport has fraudulently induced the USPTO to register the mark General Linen Service.

37.   On October 27, 2005, GL Newburyport filed the '710 Application with the PTO, claiming use in connection with "rental of table linens," and "rental of uniforms." In connection with such Application GL Newburyport submitted its oath, pursuant to 18 U.S.C. § 1001, that to the best of its knowledge and belief, no other person, firm, corporation or association has the right to use the mark in commerce, either in identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive.

38.   At the time that GL Newburyport filed the '710 Application it knew that there were other pre-existing companies using the same name for linen, laundry and uniform rental services.

39.   On May 3, 2006, the PTO issued to GL Newburyport an Office Action refusing to register the mark GENERAL LINEN SERVICE because the mark was "merely descriptive" of GL Newburyport's services described in the application.  On October 2, 2006, GL Newburyport, through its counsel, submitted its Response to the Office Action and asserted that the word "GENERAL" appearing in the mark had gained "secondary meaning" because of GL Newburyport's "substantially exclusive use" of that term in U.S. commerce since 1933.  In support of the assertion of GL

17

Newburyport's "substantially exclusive" use of the term "GENERAL" GL

Newburyport obtained and submitted the Wallace Affidavit, in which Ms. Wallace

stated, under oath, that "...the term 'GENERAL' has become distinctive of the goods

and/or services through [GL Newburyport's] substantially exclusive and continuous

use in commerce for at least five years immediately before the date of th[e] Affidavit."

40.    Relying on GL Newburyport's oaths supporting factual assertions of GL

Newburyport's substantially exclusive use of the word "GENERAL" submitted to

support the '710 Application, on February 27, 2007, the PTO granted GL Newburyport

the Federal Registration for the mark GENERAL LINEN SERVICE.

41.    Relying on GL Newburyport's oath supporting its factual assertion that it

had been using the identical mark GENERAL LINEN SERVICE for the 5 years prior to

the date of said oath, all submitted in support of a claim of incontestability of its Federal

Registration, the PTO granted incontestable status to the Federal Registration on

February 27, 2007.

42.    It would be inequitable to allow GL Newburyport to reap the benefit of

excluding GL Somersworth, along with numerous other linen services companies from

using the terms "General" or "General Linen" in connection with their services, and

accordingly the registration should be cancelled.

43.    Because of GL Newburyport's fraud on the PTO, GL Somersworth is also

entitled to recover its attorneys' fees and costs pursuant to 15 U.S.C. §§ 1117 and 1120.

**COUNT II**
**Trademark Cancellation Due To Genericness**

44.   The allegations of paragraphs 1 through 43 are incorporated herein by reference as if fully set forth herein.

45.   The terms "General," "Linen" and "Service" do not qualify for registration under the Lanham Act, 15 U.S.C. §§ 1052(e)(1), and 1064(3).

46.   GL Newburyport does not have a protectable trademark right in "General" or "General Linen Service" when used in connection with linen, laundry, uniform rental and linen rental services because the purported mark is generic and/or has not gained any secondary meaning.

47.   Because the mark is not and never was entitled to registration, it should be cancelled.

**COUNT III**
**Violation of New Hampshire Deceptive Trade Practices Act**

48.   The allegations of paragraphs 1 through 47 are incorporated herein by reference as if fully set forth herein.

49.   Although GL Newburyport was fully aware that the terms "GENERAL" and "GENERAL LINEN" were in use by many other businesses in New England and around the country, it issued the 2010 Letter to GL Somersworth.  By sending a cease and desist letter when GL Newburyport knew that the alleged GENERAL LINEN SERVICE mark was generic and incapable of servicing as an indicator of source, GL

Newburyport was engaged in a scheme of advancing groundless trademark infringement claims based upon an invalid, abandoned, generic or otherwise unenforceable mark.

50.   GL Newburyport knowingly and deceptively misrepresented the nature, characteristics, and quality of its trademark rights to the detriment and harm of GL Somersworth.

51.   Relying on the invalid, abandoned, generic and otherwise unenforceable alleged rights in the mark GENERAL LINEN SERVICES, GL Newburyport has engaged in an unfair method of competition and an unfair and deceptive trade practice in the conduct of its business in violation of N.H. REV. STAT. AN. § 358-A:10.

## COUNT IV
### Intentional Interference with Contractual Relationships

52.   The allegations of paragraphs 1 through 51 are incorporated by reference as if fully set forth herein.

53.   At all times relevant to this action, GL Somersworth has had ongoing contractual relationships, including contracts for fixed terms, with its customers referenced in Paragraphs 54 and 55 herein, among other customers.

54.   Upon information and belief, between in or about April 2009 and in or about April 2010, GL Newburyport solicited certain GL Somersworth customers, which terminated their contracts with GL Somersworth and became customers of GL

Newburyport, including but not limited to Ron's Landing, The Mugs, Stonehurst

Manor, Loretta's, and The 103.

55.   Upon information and belief, between in or about April 2009 and in or about

April 2010, GL Newburyport solicited certain GL Somersworth customers, compelling

GL Somersworth to amend its contracts and lower its pricing to its detriment to retain

those customers, including but not limited to Richard's Bistro, Guiseppie's and Plum

Island Grill.

56.   Upon information and belief, at all times relevant to this action, GL

Newburyport was aware of GL Somersworth's contractual relationships with its

customers referenced in Paragraphs 54 and 55 herein, among other customers.

57.   By, among other things, contacting, soliciting, negotiating with and

accepting business from GL Somersworth's existing customers, with which GL

Somersworth had contractual relationships, GL Newburyport has intentionally

interfered, and continues to intentionally interfere, with GL Somersworth's contractual

relationships with its customers.

58.   As a direct and proximate result of GL Newburyport's interference, GL

Somersworth has suffered, and will continue to suffer, monetary damages in an amount

to be proven at trial and for which GL Newburyport is liable.

**COUNT V**
**Unfair Competition and Deceptive Trade Practices**
**under the Common Law and the Lanham Act**

59.   The allegations of paragraphs 1 through 58 are incorporated by reference as if fully set forth herein.

60.   GL Newburyport aforementioned acts constitute unfair competition under the common law.

61.   GL Newburyport's advancement of meritless claims in a scheme to exact unfounded and baseless settlements from GL Somersworth, or else to put GL Somersworth out of business, constitutes unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1051 et seq.

62.   GL Newburyport's acts as alleged constitute unfair competition, unfair practices, false representation and false description in violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a), all to the substantial and irreparable injury of the public and of GL Somersworth's business.

\

WHEREFORE, GL Somersworth requests that this Court:

1.      Enter judgment on its behalf against GL-Newburyport and dismiss each count of the Complaint with prejudice;

2.      Find that the mark GENERAL LINEN SERVICE as set out in the Federal Registration owned by defendant-in-counterclaim GL-Newburyport is generic, abandoned, unenforceable and ceded to the public; and

3.      Order CANCELLING U.S. Trademark Registration No. 3,210,663.

4.      Award GL Somersworth its actual damages, treble damages and costs consistent with the Lanham Act and the New Hampshire Deceptive Trade Practices Act.

5.      Award GL Somersworth pre-judgment and post judgment interest; and

6.      Grant such other relief as this Court deems just and appropriate.

## <u>JURY DEMAND</u>

Defendant / Plaintiff-in-Counterclaim GL Somersworth demands a trial by jury on all issues and claims so triable.

Respectfully submitted,

DEFENDANT,
PLAINTIFF-IN-COUNTERCLAIM
GENERAL LINEN SERVICE CO., INC.
By its attorneys,


/s/  Dennis J. Kelly
Dennis J. Kelly (BBO # 266340)
Paul R. Mastrocola (BBO # 630664)
Burns & Levinson LLP
125 Summer Street
Boston, MA  02110
(617) 345-3000


Admitted *Pro Hac Vice*


/s/  Joseph G. Mattson
Donald J. Perrault (Bar # 2003)
Joseph G. Mattson (Bar #19287)
Wadleigh, Starr & Peters, P.L.L.C.
95 Market Street
Manchester, NH 03101
603-669-4140

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on September 9, 2013.

/s/  Joseph G. Mattson
*Attorney for Defendant*

4847-1170-2549.2

24