**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

General Linen Service, Inc.

   v.                                          Civil No. 12-cv-111-LM
                                                Opinion No. 2015 DNH 021
General Linen Service Co.

**O R D E R**

General Linen Service, Inc. ("GL Newburyport" or "GL-N")
has sued its competitor, General Linen Service Co. ("GL
Somersworth" or "GL-S"), under a variety of federal and state
legal theories.  Before the court is GL Newburyport's motion to
amend its complaint to add five new defendants.  GL Somersworth
objects.  For the reasons that follow, plaintiff's motion to
amend is denied.

**I. Background**

The following facts are drawn from plaintiff's first
amended complaint, document no. 26, which is the operative
complaint in this case.  GL Newburyport and GL Somersworth are
competitors in the business of providing linens to commercial
customers.  GL-N provides services to its customers pursuant to
contracts with them.  It maintains customer information in
digital format, as does GL Somersworth, and both companies use
the same software vendor.  In addition, GL-N allows its
customers to access their accounts and transact business on-
line, through a "web portal."

In April of 2010, one of GL Newburyport's customers, Hart House, reported to GL-N that it had received a sales pitch from a GL Somersworth representative who, during the course of his presentation, provided Hart House with a package of GL-N's invoices.  GL-N then deduced that the GL-S representative could only have gotten GL-N receipts through the GL-N web portal. Through its software vendor, GL-N learned that its web portal had been accessed on several occasions by an unfamiliar username.  GL-N's general manager traced that username to an IP address registered to GL-S.  As a result of GL-S's use of GL-N's pricing information to solicit business, GL-N lost several customers entirely and was forced to lower the rates it charged several other customers.

This action followed.  In its original complaint, filed on March 23, 2012, GL Newburyport asserted claims against GL Somersworth under the federal Computer Fraud and Abuse Act, New Hampshire's Consumer Protection Act, New Hampshire's Trade Secret Act, and New Hampshire common law.[1]  GL-S was the only entity named as a defendant in GL-N's original complaint.

## II. Discussion

In its motion to amend, GL Newburyport states that, based

---

[1] GL Somersworth, in turn, asserts counterclaims arising under the federal Lanham Act, the New Hampshire Consumer Protection Act, and New Hampshire common law.

upon its examination of GL Somersworth's interrogatory answers, it has, "for the first time, identified [five] individuals who, upon information and belief, appear to have personally participated" in the conduct that underlies its claims.  Mot. to Amend (doc. no. 34) 2.  The purpose of GL-N's motion to amend is to add those five individuals, four GL-S employees and one former GL-S employee, as party defendants.  See id. at 3.  As noted, GL-S objects to GL-N's motion to amend.

Under the circumstances of this case, plaintiff needs either defendant's consent, which is not forthcoming, or leave of the court to amend its complaint.  See Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave [to amend] when justice so requires."  Id.  Defendant, however, argues that the court should not grant leave because plaintiff: (1) filed its amended complaint after the limitation period on its claims had run; and (2) is not entitled to relief under the rules governing relation back.  The court agrees.

It is undisputed that the limitation period had run on claims arising from GL Somersworth's alleged intrusion into GL Newburyport's electronic data by the time GL-N filed the motion to amend that is now before the court.  Claims asserted in an amended complaint that is filed outside the limitation period are "time-barred as a matter of law unless the amended complaint 'relates back' to the original complaint."  Coons v. Indus.

Knife Co., 620 F.3d 38, 42 (1st Cir. 2010). "Under the doctrine of relation back, an amended complaint can be treated, for purposes of the statute of limitations, as having been filed on the date of the original complaint." Id. at 42 n.4 (quoting Pessotti v. Eagle Mfg. Co., 946 F.2d 974, 975 (1st Cir. 1991)).

With regard to the mechanics of relation back, the Federal Rules of Civil Procedure provide, in pertinent part:

> **(1)** ***When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
>
>   **(A)** the law that provides the applicable statute of limitations allows relation back;
>
>   **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or
>
>   **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>     **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>     **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c). A plaintiff who seeks to add a new defendant may rely upon either Rule 15(c)(1)(A) or Rule 15(c)(1)(C). See Coons, 620 F.3d at 42; see also 3 James Wm.

Moore, Moore's Federal Practice § 15.19[2] (3d ed. 2014).  GL
Newburyport relies exclusively on Rule 15(c)(1)(C).

     The plaintiff "bears the burden of showing that the Rule
15(c) relation back doctrine applies."  Kelly v. Dowaliby, No.
13-cv-107-LM, 2014 WL 2605478, at *3 (D.N.H. June 10, 2014)
(citing Coons, 620 F.3d at 44; Smith v. Chrysler Corp., 45 F.
App'x 326, 2002 WL 1899615, at *1 (5th Cir. 2002)); see also Al-
Dahir v. F.B.I., 454 F. App'x 238, 242 (5th Cir. 2011).  The
precise nature of that burden is not entirely clear.  Rule 15(c)
issues are often litigated when a defendant moves for summary
judgment on grounds that a claim asserted in an amended
complaint is time-barred.  In those situations, courts look to
the record to determine whether the plaintiff has carried its
burden of demonstrating that the relation-back doctrine applies.
See, e.g., Ham v. Sterling Em'cy Servs. of the Midwest, Inc.,
575 F. App'x 610, 617 (6th Cir. 2014); Wilkins v. Montgomery,
751 F.3d 214, 225 (4th Cir. 2014) (rejecting plaintiff's
relation-back argument when it had "zero support in the
record").  Here, by contrast, Rule 15(c) has arisen in the
context of an objection to a proposed amendment, so there is no
summary-judgment record to which the court can turn.  On the
other hand, plaintiff has produced several exhibits in support
of its motion to amend, and several more in support of its reply
to defendants' objection.  In any event, because the question

                                5

before the court may be resolved on purely legal grounds, there is no need to further characterize the nature of a plaintiff's burden to show that the relation-back doctrine applies.

Rule 15(c)(1)(C) requires GL Newburyport to demonstrate that: (1) its claims against the five individuals it seeks to add as defendants satisfy Rule 15(c)(1)(B) by arising out of the same conduct on which the original complaint is based; (2) within the time limit set by Rule 4(m), those individuals received at least constructive notice of GL-N's claims, and that notice was sufficient to prevent them from being prejudiced by having to defend on the merits; and (3) within the Rule 4(m) time frame, i.e., 120 days from the filing of GL-N's original complaint, the individuals knew or should have known that GL-N would have brought an action against them, if it had not made a mistake concerning their identities.  See Coons, 620 F.3d at 42.

GL Newburyport has made the first showing.  Its proposed claims against the five current or former GL Somersworth employees arise from unauthorized access to its digital data. That is also the factual basis for GL-N's original claims against GL-S.  For the purpose of the analysis that follows, the court will assume that GL-N has made the second requisite showing, regarding the individuals' notice of its claims.  GL-N, however, has not carried its burden of showing that, within the Rule 4(m) time frame, those individuals knew or should have

known that GL-N would have named them as defendants "but for a mistake concerning the [their] identit[ies]," Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added).  The problem is that GL-N has not identified a mistake concerning the individuals' identities of the kind that is cognizable under Rule 15(c)(1)(C)(ii).

GL Newburyport's motion is based upon assertions that: (1) in interrogatory answers and documents produced by GL-Somersworth in August and September of 2014, GL-S identified, for the first time, individuals who allegedly participated in the conduct underlying GL-N's claims; and (2) "[u]ntil it [i.e., GL-N] received these responses from [GL-S], [GL-N] had no way of identifying [GL-S]'s employees who unlawfully obtained and utilized [GL-N]'s customer information to gain a competitive advantage," Pl.'s Mot. to Amend (doc. no. 34) 3.[2]

For the proposition that the foregoing factual scenario describes a mistake, for purposes of Rule 15(c), plaintiff turns to the Supreme Court's decision in Krupski v. Costa Crociere S. p. A., 560 U.S. 538 (2010).  In that case, the issue before the court was whether a plaintiff's knowledge of the existence of a potential but unnamed defendant, at the time it filed its original complaint, precluded the plaintiff from demonstrating a

---

[2] GL-N makes a similar assertion in its reply brief: "Despite diligent best efforts, it was not until September 2, 2014 that the identities of these five (5) individuals were disclosed in a manner that enabled GL Newburyport to finally discern culpability."  Pl.'s Reply (doc. no. 42) 2.

mistake that satisfies Rule 15(c).  The Court held that the

determinative issue is not the plaintiff's knowledge, but,

rather, the potential defendant's.  And then the court

explained:

> That a plaintiff knows of a party's existence does not
> preclude her from making a mistake with respect to
> that party's identity.  A plaintiff may know that a
> prospective defendant — call him party A — exists,
> while erroneously believing him to have the status of
> party B.  Similarly, a plaintiff may know generally
> what party A does while misunderstanding the roles
> that party A and party B played in the "conduct,
> transaction, or occurrence" giving rise to her claim.
> If the plaintiff sues party B instead of party A under
> these circumstances, she has made a "mistake
> concerning the proper party's identity"
> notwithstanding her knowledge of the existence of both
> parties.  The only question under Rule
> 15(c)(1)(C)(ii), then, is whether party A knew or
> should have known that, absent some mistake, the
> action would have been brought against him.

Id. at 549.  In reliance upon Krupski, GL Newburyport makes the

following argument:

> In this case, there is no question: GL Newburyport
> misunderstood the roles that the Added Defendants
> [i.e., the five individuals] played in the 'conduct,
> transaction, or occurrence' that is the subject of the
> Amended Complaint.  GL Newburyport knew that GL
> Somersworth had undertaken illegal action to obtain
> confidential information, but it did not have
> knowledge regarding the individual actions and
> personal liability associated with GL Somersworth's
> behavior.

Pl.'s Mot. to Amend. (doc. no. 34) at 6.  The gist of GL

Newburyport's argument is not that it erroneously sued party A

when it knew about, and should have sued, party B; GL-N's

argument is that it sued party A because it did know about party B until after the limitation period had run.

GL Newburyport's reliance upon Krupski misplaced, because the legal issue resolved in that case is not present in this case.  More importantly, however, lack of knowledge is not a mistake for the purpose of relation back.  As Judge Stahl has explained:

> Rule 15(c)(3) [the virtually identical predecessor to Rule 15(c)(1)(C)(ii), see Krupski, 560 U.S. at 552 n.4] permits an amendment to relate back only where there has been an error made concerning the identity of the proper party . . . but it does not permit relation back where, as here, there is a lack of knowledge of the proper party.

Wilson v. U.S. Gov't, 23 F.3d 559, 563 (1st Cir. 1994) (quoting Worthington v. Wilson, 8 F.3d 1253, 1256 (7th Cir. 1993)) (internal quotation marks omitted, emphasis supplied by Wilson). Judge Stahl continued:

> In this case, there was no "mistake concerning the identity of the proper party," as required by Rule 15(c)(3).  Rather, Wilson merely lacked knowledge of the proper party.  In other words, Wilson fully intended to sue GEGS, he did so, and GEGS turned out to be the wrong party.  We have no doubt that Rule 15(c) is not designed to remedy such mistakes.

Id.  The decision in Wilson is in accord with more recent decisions from other circuits.  See, e.g., Moore v. Tenn., 267 F. App'x 450, 455 (6th Cir. 2008) ("[A] plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a 'mistake concerning the party's identity'

within the meaning of Rule 15(c).") (citation omitted); Joseph v. Elan Motorsports Techs. Racing Corp., 638 F.3d 555, 558 (7th Cir. 2011) ("A failure to identify the proper party is a mistake not about the defendant's name but about who is liable for the plaintiff's injury.").

GL Newburyport argues that, as a result of Krupski, Wilson is no longer good law.  The court must disagree.  Krupski says nothing to undermine the rule that lack of knowledge of a possible defendant is not a mistake for the purpose of applying the relation-back doctrine.  To the contrary, Krupski addresses the situation in which a plaintiff knows about two or more possible defendants and misunderstands their roles in the conduct underlying the plaintiff's suit.  As Judge Castel has explained when presented with a similar argument:

> The situation addressed by the Court in Krupski is not that faced here, nor is it the situation addressed by the Second Circuit in Barrow [v. Wethersfield, 66 F.3d 466, 470 (2d Cir. 1995) ("We are compelled to agree with our sister circuits [including the First] that Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.")].  Unlike Krupski, the plaintiff here did not harbor a misimpression as to known parties' identities.  Rather, the plaintiff did not know the identities of officers Suarez and Nozelle until after the statute of limitations had run.  The plaintiff here, unlike the plaintiff in Krupski, did not have the requisite information to sue the correct party. Therefore, on these facts, Krupski does not control and Barrow should apply to bar plaintiff's proposed amendment.

Rodriguez v. City of N.Y, No. 10 Civ. 1849(PKC), 2011 WL
4344057, at *9 (S.D.N.Y. Sept. 7, 2011) (citing Dominguez v.
City of N.Y., No. 10 Civ. 2620(BMC), 2010 WL 3419677, *2-3
(E.D.N.Y. Aug. 27, 2010) (finding that Krupski does not overturn
or limit Barrow, but rather "merely picks up where Barrow left
off . . . [t]herefore, Barrow's holding that a lack of knowledge
is not a mistake is still intact"); Daniel v. City of Matteson,
No. 09-cv-3171, 2011 WL 198132, *4 (N.D. Ill. Jan. 18, 2011)
(concluding that even after Krupski, "[l]ack of knowledge as to
the identity of the proper defendant is not a mistake"); Wilson
v. Delta Airlines, Inc., No. 2:09-cv-2687-JPM-dkv, 2010 WL
2836326, *4 (W.D. Tenn. July 19, 2010) (concluding that Sixth
Circuit precedent holding that lack of knowledge does not
constitute a mistake within the meaning of Rule 15(c) remains
applicable after Krupski); Burdine v. Kaiser, No. 3:09CV1026,
2010 WL 2606257, *2 n.2 (N.D. Ohio June 25, 2010) (finding
same).

Regarding the rationale for the rule stated in Wilson,
Moore, Joseph, and Rodriguez, the court turns to Hall v. Norfolk
Southern Railway Co., which includes the following passage:

> It is the plaintiff's responsibility to determine the
> proper party to sue and to do so before the statute of
> limitations expires.  A plaintiff's ignorance or
> misunderstanding about who is liable for his injury is
> not a "mistake" as to the defendant's "identity."

469 F.3d 590, 596 (7th Cir. 2006).  That statement from Hall, in turn, puts to rest any argument by GL Newburyport that it is entitled to relation back due to a purported failure of disclosure by GL Somersworth.  It was not GL-S's obligation to identify other defendants for GL-N; it was GL-N's obligation to figure out who to sue.

GL Newburyport's motion to amend is based upon nothing more than its admitted ignorance of the five individuals' identities. Thus, it has not carried its burden of demonstrating that it made a mistake concerning the identities of those possible defendants.  Absent a mistake concerning those identities, GL Somersworth is entitled to denial of GL Newburyport's motion to amend.

### III. Conclusion

For the reasons described above, plaintiff's motion to amend, document no. 34, is denied.  Accordingly, this case is limited to GL Newburyport's four claims against GL Somersworth and GL Somersworth's counterclaims.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

February 4, 2015

cc:   Sara Yevics Beccia, Esq.
      Dennis J. Kelly, Esq.
      James F. Laboe, Esq.

Laura Witney Lee, Esq.
Paul R. Mastrocola, Esq.
Joseph Gardner Mattson, Esq.
Jeffrey C. Spear, Esq.