UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>General Linen Service, Inc.</u>

   v.                                  Civil No. 12-cv-111-LM
                                           Opinion No. 2015 DNH 165

<u>General Linen Services, LLC</u>


**<u>O R D E R</u>**

    General Linen Service, Inc. ("GL-N") has sued its competitor, General Linen Services, LLC ("GL-S"), asserting that GL-S unlawfully accessed the GL-N computer system and obtained information that it later used to solicit business from GL-N's customers.  Before the court is GL-S's motion to exclude certain portions of a report prepared by GL-N's expert witness.  GL-S claims it is entitled to such relief under Rule 37(c)(1) of the Federal Rules of Civil Procedure.  GL-N objects.  For the reasons that follow, GL-S's motion to exclude is denied.

    In an expert report, timely disclosed by GL-N, Anthony Albright opined that as a result of GL-S's unlawful acts, GL-N suffered damages of $793,307, based upon: (1) diminished revenue resulting from the renegotiation of contracts with several of its customers; (2) the loss of 10 customers; and (3) the loss of 33 prospective customers.  That amount of damages is more than $600,000 greater than any previous estimate of damages by GL-N.

GL-S does not object to GL-N's reliance upon Albright's opinion on losses resulting from renegotiated contracts. But, it contends that evidence concerning approximately five lost customers and all of the lost prospective customers should be excluded, because up until GL-N disclosed Albright's report, its discovery responses had identified only about five, rather than 10, lost customers and said nothing about potential customers it had lost.

The authority upon which GL-S relies for its request for exclusion provides, in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless.

Fed. R. Civ. P. 37(c)(1). GL-S does not appear to claim that GL-N has failed to comply with Rule 26(a), which pertains to required disclosures. Rather, GL-S bases its argument on a purported violation of Rule 26(e), which pertains to supplementing disclosures and responses. That rule provides:

> A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response:
>
> **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional corrective information has not otherwise been

>     made known to the other parties during the
>     discovery process or in writing; or
>
>    **(B)** as ordered by the court.

Fed. R. Civ. P. 26(e)(1). GL-S does not contend that GL-N has violated any court order, which leaves only Rule 26(e)(1)(A) in play.

The court of appeals for this circuit has explained that the purpose of Rule 26(e)(1) "is to avoid trial by ambush." Macaulay v. Anas, 321 F.3d 45, 50 (1st Cir. 2003). To that end,

>     the district court typically sets temporal parameters
>     for the production of such information.  See, e.g.,
>     Fed. R. Civ. P. 16(b).  Such a timetable "promotes
>     fairness both in the discovery process and at trial."
>     Thibeault v. Square D Co., 960 F.2d 239, 244 (1st Cir.
>     1992).  When a party fails to comply with this
>     timetable, the district court has the authority to
>     impose a condign sanction (including the authority to
>     preclude late-disclosed expert testimony).  Id. at
>     245.

Id. In Macaulay, the court of appeals affirmed the district court's exclusion of a late-filed supplemental expert report that "introduced a new theory of liability only days before the anticipated trial date." Id. at 52.

Here, the evidence that GL-S asks the court to exclude was produced on time, approximately four months before the close of discovery, and more than five months before the scheduled trial date. Thus, the facts of this case are significantly different from those of Macaulay and all the other cases in which parties

3

have sought the exclusion of evidence that had been produced after the time for doing so had expired.  In light of that, GL-S's theory is not that Albright's report was disclosed late but that it contains evidence concerning lost customers and a theory concerning lost prospective customers that GL-N was obligated to disclose earlier than it did.  That is, GL-S contends that GL-N violated Rule 26(e) by failing to supplement its discovery responses at some point before it disclosed Albright's report.

    For that theory, GL-S relies upon Oracle USA, Inc. v. SAP AG, 264 F.R.D. 541 (N.D. Cal. 2009).  In Oracle, the court precluded the plaintiffs from introducing evidence at trial concerning three categories of damages that were first identified by the plaintiffs in a supplemental disclosure filed before the close of discovery, but after two years of discovery had already taken place "at a cost of millions of dollars to each side."  264 F.R.D. at 551.  According to the court, the plaintiffs in Oracle violated Rule 37 because their "discovery responses failed without substantial justification for over two years to inform Defendants that Plaintiffs were seeking lost profit damages relating to [certain] customers and to revenue from [certain] sources."  Id. at 556-57.

Substantial factual distinctions between this case and Oracle render Oracle inapposite.  To begin, in Oracle, the event that triggered the plaintiffs' supplemental disclosure outlining an expanded theory of damages was the deposition testimony of their own top executives, see 264 F.R.D. at 551, not the findings of an expert.  That difference is significant.  The executives' articulation of a broader scope of damages than had previously been claimed supports a conclusion that the plaintiffs sat on their broader theory of damages for some amount of time without disclosing it, all the while allowing defendant to conduct discovery tailored to defending against the narrower theory that plaintiffs had disclosed to them.  Indeed, the court found that "Plaintiffs . . . possessed the necessary information [to frame their broader claim for damages] even before filing the complaint, and well before they served their initial disclosures."  Id. at 548.  That made plaintiffs' subsequent disclosure untimely.  As the court concluded:

> Plaintiffs had a duty to timely disclose basic damages information known to its executives, well before top executives were deposed late in the fact discovery period, in accordance with the usual practice.  Their failure to do so was not substantially justified or harmless.

Id. at 552.

Here, by contrast, GL-S has given the court no reason to conclude that GL-N had any understanding of the scope of damages

5

articulated by its expert until the expert submitted his report. And, indeed, in its responses to GL-S's first set of interrogatories, dated March 30, 2015, GL-N stated that "[t]he full extent of monetary damages has not yet been fully ascertained and may require expert testimony." Def.'s Mem. of Law, Ex. 3 (doc. no. 51-4), at 6.  If GL-N did not know the full extent of its damages until it had the benefit of its expert's report, then its disclosure of the damages to which GL-S objects was not untimely. See Fed. R. Civ. P. 26(e)(1)(a) (requiring timely disclosure).  If GL-N's disclosure was timely then, necessarily, the Rule 37 exclusion sanction is not warranted.

There is another significant distinction between this case and Oracle.  The plaintiffs in Oracle affirmatively disclaimed, on several occasions, the forms of damages they later attempted to claim.  See 264 F.R.D. at 547, 548, 550.  Here, while GL-S notes that Albright's report describes more extensive damages than those identified in GL-N's earlier discovery responses, GL-S identifies no previous affirmative disclaimer by GL-N of the damages later described in Albright's report.  Finally, the decision in Oracle describes various forms of conduct by the plaintiffs that deprived the defendant of discovery concerning the forms of damages plaintiffs later claimed.  See id. at 550-51.  GL-S has identified no such conduct in this case.

For all of the foregoing reasons, the court concludes that unlike the plaintiffs in Oracle, GL-N has not violated Rule 26(e).  Accordingly, GL-S is not entitled to the exclusion of evidence related to either lost customers or losses of potential customers.

However, even if GL-N did violate Rule 26(e), any such violation was harmless.  When assessing the question of whether a Rule 37 sanction is warranted for a violation of Rule 26(e), the court

> must consider a multiplicity of pertinent factors, including the history of the litigation, the proponent's need for the challenged evidence, the justification (if any) for the late disclosure, and the opponent's ability to overcome its adverse effects.  Thibeault, 960 F.2d at 244; Johnson v. H.K. Webster, Inc., 775 F.2d 1, 7-8 & n.7 (1st Cir. 1985).  Surprise and prejudice are important integers in this calculus.  Thibeault, 960 F.2d at 246; Johnson, 775 F.2d at 7 n. 7.  So too is an assessment of what the late disclosure portends for the court's docket.  Salgado v. Gen. Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998).

Macaulay, 321 F.3d at 51.  Here, for reasons already noted, the surprise factor does not weigh in favor of GL-S.  In late March of 2015, GL-N alerted GL-S to the potential importance of its expert's report in determining the scope of its damages.  Two months after doing so, GL-N disclosed Albright's report.  Under the circumstances of this case, allowing GL-N to introduce evidence of the damages described in Albright's report creates

no danger of a trial by ambush. As for prejudice, GL-N disclosed Albright's report with nearly four months remaining in the discovery period, and the court has already granted GL-S an extension of the deadline for disclosing its expert reports. Should the need for more time arise, the court is prepared to entertain a motion to make reasonable adjustments to the trial schedule. In short, if GL-N violated Rule 26(e) in the first instance, its violation has not harmed GL-S in a way that justifies imposition of the Rule 37 exclusion sanction.

For the reasons detailed above, GL-S's motion to exclude, document no. 51, is denied.

SO ORDERED.

                                             _____
                                             Landya McCafferty
                                             United States District Judge

August 27, 2015

cc:   Sara Yevics Beccia, Esq.
      Dennis J. Kelly, Esq.
      James F. Laboe, Esq.
      Laura Witney Lee, Esq.
      Paul R. Mastrocola, Esq.
      Joseph Gardner Mattson, Esq.
      Jeffrey C. Spear, Esq.